The People of the State of New York, Respondent,
against
Nicole Lee, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (John Cataldo, J.H.O.), rendered February 25, 2015, after a nonjury trial, convicting her of disorderly conduct, and imposing sentence. Per Curiam.




Judgment of conviction (John Cataldo, J.H.O.), rendered February 25, 2015, affirmed.
Defendant's challenge to the legal sufficiency of the evidence supporting her conviction for disorderly conduct (see Penal Law § 240.20) is unpreserved for appellate review, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We further find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). The trial court, as factfinder, was warranted in concluding that defendant's conduct — shouting obscene and abusive language at a court officer who was stationed at a security checkpoint in the lobby of the Manhattan Family Court, causing a commotion that the whole lobby could hear and that required the intervention of two additional court officers - recklessly created a risk of a "potential or immediate public problem" (People v Weaver, 16 NY3d 123, 128 [2011], quoting People v Munafo, 50 NY2d 326, 331 [1980]).
Nor was the accusatory instrument jurisdictionally defective. Nonhearsay allegations established every element of the charged offense. Based upon the pleaded facts, the factfinder could infer that defendant's disruptive conduct involving loud profane language and tumultuous physical behavior in a courthouse, on a weekday morning, posed a risk of public inconvenience, annoyance, or alarm, given the volume of people actually or reasonably anticipated to be present, the confined spaces, and the likelihood that disorderly conduct would be observed by others even without proof "that members of the public . . . [were] involved or react[ed] to the incident" (Weaver, 16 NY3d at 128; see e.g. Matter of Monique Elizabeth J. v Orlandro D., 145 AD3d 557 [2016], lv denied ___ NY3d ___, 2017 NY Slip Op 68006[2017]; Matter of Banks v Opoku, 109 AD3d 470 [2013]; Norasteh v State of New York, 44 AD3d 576 [2007], lv denied 10 NY3d 709 [2008]; People v Clarke, 34 Misc 3d 159[A], 2012 NY Slip Op 50438[U] [App Term 2d, 11th and 13th Jud Dists 2012], lv denied 19 NY3d 958 [2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2017